Reese, J.
delivered the opinion of the court.
In 1840, a murder was committed in the county of Franklin by one Payne upon the body of one Coltart. Payne *54 made his escape, and the Governor of the State, in pursuance of law, made his official proclamation, offering a reward for the apprehension of the criminal, and containing a description of his person. The coroner of Franklin county also wrote to some one in Sullivan county, mentioning the murder and describing the , culprit. The plaintiff in error was a constable of Sullivan comity, and had seen the proclamation of the Governor in the newspapers, and the letter of the coroner of Franklin above referred to. John W. Martin, the prosecutor, came into Sullivan county at a period after the time of the murder with an interval sufficient for him to have travelled from Franklin county. He was on his way to the residence of some relatives in the village of Kingsport of the name of Payne, when he was arrested by the plaintiff in error and others as being Payne, the homicide. The particulars of personal description annexed to the Governor’s official proclamation, applied, in some respects, to the prosecutor,'and in others did not apply. Eanes was indicted for an assault and' battery on the prosecutor. Upon the trial, the Circuit Court charged the jury that “the defendant having assumed to act upon the newspaper publication of the Governor’s proclamation, acted at .his peril, whether relying on the proclamation or information derived from others; and if he was mistaken in the individual he arrested, he was guilty of false imprisonment or of an assault and battery, according to circumstances — neither would the letter from the coroner spoken of be any justification to the officer. That it would be a dangerous principle to. say that any officer in the State, upon a proclamation being published in a newspaper by the Governor, might arrest, upon that alone, any individual that . he might suppose had either a real or fancied resemblance to the person described in the proclamation. It would be jeopardizing the liberty of the citizen too much.” ¡The result of this charge is to hold an officer, arresting without warrant, guilty of assault and battery in every case except one — the arrest of the actual felon — no matter with what honest belief, good faith, and probable grounds the officer may have acted. We cannot concur in this view of the matter. The liberty of the citizen is so highly regarded that the officer arresting *55 a supposed felon, without warrant, must act in good faith, and upon grounds of probable suspicion that the person to be arrested is the actual felon. If he may not under such circumstances make an arrest, the escape of criminals would be but little obstructed by the official proclamation of the Governor; and the police of the State,- instead of being, as public policy urgently requires, vigilant and effective, would be altogether the contrary. The Governor’s official proclamation is not to be disregarded because published in a newspaper. That is the mode of publication indicated by law. The general principle above stated has been long, and well settled. See 1 Russell on Crimes, 503-4, 2 Starkie 439-40, and the cases there cited.
The judgment of the Circuit Court will be reversed, and a new trial be had, when the law will be charged as laid down in this opinion.